FINDINGS, CONCLUSION, ORDER
Anita DUPRIS, Chief Judge.
SUMMARY
On November 27, 2001 the Appellant’s Notice of Appeal came for a hearing in the Mohegan Tribal Court before the Honorable Chief Judge Anita Dupris. The Appellant was represented by Helen Avalos, attorney for the Council of Elders of the Mohegan Tribe. The Appellee, Mohegan Tribal Employment Rights Commission, was represented by Dale White, General Counsel for the Mohegan Tribe. The Court reversed and remanded with direction.
FINDINGS OF FACT
1. In August, 2001 the Tribal Employment Rights Department (TERO) received two (2) complaints by e-mail from Little People, LLC, a department providing graphic arts services. The complaints alleged that the Council of Elders (Council), a constitutionally established branch of the Mohegan government, failed to use Little People, LLC for graphic work done on flyers for the Mohegan Wigwam Festival held in August, 2001.
*451 2. TERO notified the Council of the complaints by sending a copy of the complaints to them.
3. The record indicates the TERO Director, Kendall Janus, did not ask the Council any questions regarding the complaints because he believed someone of the Council admitted the violations.
4. Mr. Janus took the following to the TERO Commission: the complaints, copies of other work orders Little People, LLC had provided to the Council in the past, and the evidence of his belief that someone in the Council admitted the violations charged.
5. On August 28, 2001 the TERO Commission met and found, based on the evidence presented to it by Mr. Janus, that the Council violated the TERO Ordinance.
6. On September 6, 2001 the Council received a letter from the TERO Commission Chairman, Debra Maxeiner, stating the Council was found to have violated the TERO Ordinance and would be sanctioned.
7. On October 2, 2001 the Council filed its Notice of Appeal herein. All actions of the TERO Department and Commission are deemed to have abated on this date, and the Court has held by order of October 24, 2001 that all actions of the Appellee after October 2, 2001 were done without jurisdiction to so act.
8. At the hearing on the Notice of Appeal on November 27, 2001 the Appellant asked the Court to do an in camera inspection of the TERO Commission meeting minutes dated August 28, 2001 in order to insure the redacted portion was not relevant to this case. The Court did the in camera review and thereafter accepted the certified record of the administrative decision for purposes of this appeal.
9. At the hearing of November 27, 2001 the Appellant asked for leave to present its arguments and memorandum of authorities to the Court. The Appellee had no objections and leave was granted.
10. Appellee has conceded on record that it did not follow procedural due process in its investigation in this matter.
11. Appellee argues it should get another chance to investigate the Little People’s complaint because the Commission agrees it has not yet followed due process in its investigation herein. It asks the Court to remand the case to it so the Commission and TERO Department can start over and provide adequate due process the second time around.
CONCLUSION OF LAW
1. The TERO Ordinance requires this Court to review the matter before it under the arbitrary and capricious standard or the substantial evidence rule, and not de novo. Mohegan Tribal Employment Rights Ordinance 99-2 (Ordinance), Section XIV (A)(3).
2. The only facts the court finds going to finding whether or not the Appellant violated the TERO Ordinance are: (a) two complaints were filed; (b) the Appellant has used the complainant in the past for other graphic arts work; and (c) the TERO Commission relied on an uncorroborated statement alleged to have been made to the TERO Director that the Appellant admitted to the violations. See Submission of Administrative Record, Court File Tab No. 12, filed by Appellee on October 31, 2001.
3. Under the substantive evidence rule, the Appellee has not met its burden. The three facts set out above do not substantially support a finding of violations of the TERO Ordinance. The only evidence of whether the Council committed the violation is an uncorroborated verbal statement alleged to have been made to the *452 TERO Director and the complaints filed against the Council. A reasonable, objective person could not find that such evidence is substantial proof of the alleged wrongdoing.
4. Appellee’s request to have a second chance to investigate would defeat the purpose of the Court providing a finality to such disputes. As stated in Jenkins, the Appellee made its procedural bed and now must lie in it. Jenkins v. Mashantucket Pequot Gaming Enterprise, 3 Mash. 177, 3 Mash.Rep. 14, 19 (1998).
5. Nothing in the law mandates the Court to let the Appellee have a second chance. It made findings of fact, however incomplete or erroneous. Appellee was given an opportunity to provide this Court with an extra-record explanation of the findings provided in he Appellee’s certified record and chose not to. The record submitted does not support the finding of the TERO Commission. See, National Audubon Society, et al. v. Hoffman, et al, 132 F.3d 7 (2d Cir.1997).
6. Appellee also argues the Court’s only recourse is to remand for another investigation. We disagree. The language of the Statute is clear that the Court has more discretion than this mandate. Ordinance 99-2, Section XIV(A), “If the order of the Commission is reversed or modified, the Court shall by its mandate specifically direct the Commission as to further action in the matter, including making and entering any order or orders in connection therewith, and the limitations, or conditions to be contained therein.”
7. Appellant has argued the Court should consider the Constitutional issues of having two members of the statutorily-appointed Judiciary Committee a party and the legal representative of the Appel-lee. The Court finds that although this may be a viable legal issue for the Court at some point, it is not appropriate in this case, and the Court will not address it herein.
8. Further, the Appellant’s challenge to the validity of the TERO Ordinance is not supported herein in that the Appellee has provided the Court with proof of its enactment by the Mohegan Tribal Council.
ORDER
Based on the foregoing Findings of Fact and Conclusions of Law, this Court REVERSES the decision of the TERO Commission based on the lack of substantial evidence, and REMANDS to the Commission with the direction to dismiss the investigation and remove it from the Appellant’s record. It is so ORDERED.